# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-21-0067-2-F |
| ) | |
| ESPERANZA QUEZADA-LOPEZ, ) | |
| a/k/a Esperanza Lopez, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Defendant Esperanza Quezada-Lopez, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines.[1]  Doc. no. 190.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 193.  The matter is at issue.

On July 12, 2021, defendant pleaded guilty, pursuant to a plea agreement, to a one-count Superseding Information charging a drug conspiracy in violation of 21 U.S.C. § 846.  The Probation Office prepared a second revised final presentence investigation report (doc. no. 125), which calculated defendant's base offense level at 38. Defendant received a two-level enhancement under U.S.S.G.[2] § 2D1.1(b)(5) because the offense involved the importation of methamphetamine from Mexico, a

---

[1] Because defendant is proceeding *pro se*, the court construes her filings liberally, but it does not act as her advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

two-level enhancement under U.S.S.G. § 2D1.1(b)(12) because defendant maintained a premise for the purpose of distributing a controlled substance, and a two-level adjustment under § 2D1.1(b)(18) because defendant qualified for safety value, resulting in an adjusted offense level of 40. Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 37.

Based on her criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I. With a total offense level of 37 and a criminal history category of I, defendant's guideline imprisonment range was 210 months to 262 months.

Defendant objected to various items in the second revised final presentence investigation report. At sentencing, the court sustained defendant's objection to the two-level enhancement under U.S.S.G. § 2D1.1(b)(5) for importation of the methamphetamine from Mexico. With a new total offense level of 35 and a criminal history category of I, defendant's guideline imprisonment range was 168 months to 210 months. The court then varied downward and sentenced defendant to a term of imprisonment of 87 months. Judgment was entered on December 6, 2021. Defendant did not file a direct appeal.

In her motion, defendant asks the court to adjust her sentence presumably based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, because she received zero criminal history points.[3]

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this

---

[3] Defendant was not assessed any criminal history points or "status points" for consideration of a sentence reduction under Part A of Amendment 821.

2

rule.  One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission.  *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion.  *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013).  The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction.  If the reduction is authorized, the court may consider any applicable 18 U.S.C.§ 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 191), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).  The amendment reduces defendant's guideline range by two offense levels, reducing defendant's total offense level from 35 to 33.  With an offense level of 33 and a criminal history category of I, defendant's amended guideline range would be 135 to 168 months' imprisonment.

However, under U.S.S.G. § 1B1.10(b)(2)(A), the court cannot reduce a defendant's term of imprisonment under § 3582(c)(2) to a term that is less than the minimum of the amended guideline range, unless defendant's term of imprisonment resulted from a government motion to reflect substantial assistance under U.S.S.G. § 1B1.10(b)(2)(B).  Defendant's term of imprisonment of 87 months is less than the

minimum of the amended guideline range and defendant's term of imprisonment did not result from a government motion to reflect substantial assistance under U.S.S.G. § 1B1.10(b)(2)(B).  As such, defendant is not eligible for a reduction of sentence under Amendment 821 (Part B, Subpart1).  Therefore, defendant's motion will be dismissed.

Accordingly, defendant Esperanza Quezada-Lopez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines (doc. no. 190) is **DISMISSED**.

IT IS SO ORDERED this 26th day of March, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0067p033 (Quezada-Lopez).docx